IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN A. NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-16 |
| | ) |
| C.O. CALTAGARONE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Brian A. Nelson, an inmate at SCI-Forest, commenced this civil action following an incident wherein he was allegedly subjected to O/C spray while experiencing an epileptic seizure. Plaintiff's *pro se* complaint was lodged on January 23, 2023, contemporaneously with the filing of his motion for leave to proceed *in forma pauperis*. ECF No. 1 and 1-1. The matter was referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules of this Court.

Because Plaintiff's motion and pleading did not comply with all filing requirements,[1] the complaint could not be processed. Instead, Judge Dodge issued a deficiency order and administratively closed the case pending the Court's receipt of all required paperwork. ECF No. 2.

On February 22, 2023, the Clerk docketed Plaintiff's notice of a voluntary dismissal, ECF No. 5, and the case was dismissed by operation of law pursuant to Federal Rule of Civil

---

[1] Plaintiff did not submit, *e.g.*, a certified copy of his trust fund account statement, a form authorizing the withdrawal of funds from his inmate account, sufficient service copies of his complaint, the requisite USM 285 forms, and the applicable forms for requesting each defendant's waiver of service of a summons. *See* ECF Nos. 1 and 2.

1

Procedure 41(a)(1)(A)(i).  *See State Nat'l Ins. Co. v. Cnty. of Camden,* 824 F.3d 399, 406 (3d Cir. 2016) (noting that a dismissal under the related provision of Rule 41(a)(1)(A)(ii) is "effective automatically" and does not require court approval). Plaintiff subsequently sent notice to the Clerk that he "had to get some things in order" but was "now . . . ready to go ahead with this case." ECF No. 6.  This latter notice, docketed on March 22, 2023, was construed as a motion by Plaintiff to reopen his case.  *Id.*  The motion remains pending before the Court, along with Judge Dodge's report and recommendation ("R&R") opining that the motion to reopen should be denied.  ECF No. 7.

Plaintiff has since filed objections to Judge Dodge's report and recommendation in which he asserts that he was intimidated into dismissing his case by corrections officials in the RHU who beat and threatened him and who caused him to fear for his life.  ECF No. 8 at 1-2.  Plaintiff claims that he "played it safe until [he] got out [of] the RHU."  *Id.* at 3.  He notes that he has been suffering retaliation since the filing of this lawsuit and is still receiving threats "not to open it back up."  *Id.*

Although Plaintiff's averments in this regard are certainly concerning, they provide no grounds for rejecting the Magistrate Judge's recommendation. The law in this circuit and elsewhere is clear that a Rule 41(a)(1)(A) dismissal deprives the district court of jurisdiction to take further action in the case, except as it relates to certain collateral matters such as sanctions, costs, and attorney's fees.  *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165–66 (3d Cir. 2008) ("A proper [Rule 41(a)(1)(A)(i)] notice deprives the district court of jurisdiction to decide the merits of the case."); *id.* at 166 n.8 (footnote observing the exception for collateral issues); *Gorton v. Gardner Denver, Inc.*, No. CV 1:17-1110, 2022 WL 7579808, at *6 (M.D. Pa. Oct. 13, 2022) ("Once a plaintiff files the notice pursuant to Rule 41(a)(1)(A), the district court is

deprived of subject-matter jurisdiction [1] to decide the merits of the case because there is no 'case or controversy' pending before the court as required for federal jurisdiction by Article III of the United States Constitution.") (footnote omitted); *Riffin v. Forest City Ratner Co.*, No. CV 16-4433 (ES)(JAD), 2020 WL 8182839, at *2 (D.N.J. Jan. 6, 2020) (court noting that, "when Plaintiff filed his notice of voluntary dismissal on June 22, 2018, this action and all prior orders within it ceased to have any legal effect, terminating the Court's subject matter jurisdiction"). *Accord Jones, Blechman, Woltz & Kelly, PC v. Babakaeva,* 375 F. App'x 349, 350 (4th Cir. 2010) (finding that after a party voluntarily dismissed the action pursuant to Rule 41(a)(1)(A)(i), the action was terminated and the district court was divested of jurisdiction); *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952) (A Rule 41(a)(1)(A)(i) voluntary dismissal "leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought, thus vitiating and annulling all prior proceedings and orders in the case and terminating jurisdiction over it for the reason that the case has become moot."); *Emory v. Lowe's Home Centers, LLC*, No. 7:20-CV-629-BHH-KFM, 2021 WL 5361834, at *1 (D.S.C. Jan. 21, 2021) ("Courts in this circuit have found that district courts lack jurisdiction to grant a motion to reopen where a plaintiff has previously voluntarily dismissed the action pursuant to Rule 41(a)(1)(A)(i)."), *report and recommendation adopted*, No. CV 7:20-629-BHH, 2021 WL 4859942 (D.S.C. Oct. 19, 2021); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civ.3d § 2367, at 559-61 (3d ed. 2008) ("After the dismissal, the action no longer is pending in the district court and no further proceedings in the action are proper.").

Thus, given Plaintiff's previous unambiguous notice of a voluntary dismissal of this action, the Court lacks jurisdiction to reopen the case. Plaintiff's option at this point is to file a

new civil action against the Defendants as the Magistrate Judge suggested,[2] which may include claims not previously asserted at the time this action was dismissed.  *See Baxter v. Atl. Care Main Pomona Hosp.*, No. CIV. 13-7876 RBK JS, 2015 WL 715012, at *1 (D.N.J. Feb. 19, 2015) ("As this case was deemed voluntarily dismissed by Ms. Baxter pursuant to Rule 41(a), the proper procedure is to require her to file a new civil action rather than reopen an action that was deemed voluntarily dismissed."); *see also Great Am. Ins. Co. of N.Y. v. Day*, No. 12–2295, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013) (denying plaintiff's motion to reopen and requiring that a new action be filed where plaintiff previously filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)).

Based on the foregoing reasons, and after *de novo* review of the complaint and documents in the case, together with the Plaintiff's motion to reopen this civil action, the Magistrate Judge's report and recommendation, and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 31st day of May, 2023;

IT IS ORDERED that the Plaintiff's motion to reopen this civil action, ECF No. [6], is DISMISSED.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Dodge issued on April 26, 2023, ECF No. [7], is adopted as the opinion of the court.

SUSAN PARADISE BAXTER
United States District Judge

---

[2] Unless a notice of voluntary dismissal states otherwise, the dismissal is without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).  Here, Plaintiff's notice did not indicate an intent to dismiss his claims with prejudice, so his claims are deemed to have been dismissed without prejudice.